IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN BUENO, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | No. 3:15-cv-3975-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jonathan Bueno seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

**Background**

Plaintiff alleges that he is disabled due to speech problems and the inability to speak. *See* Administrative Record [Dkt. No. 13 ("Tr.")] at 167. After his applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on July 8, 2014. *See id.* at 33-73. At the time of the hearing, Plaintiff was 19 years old. *See id.* at 40. He is a high school special education graduate, and has no past work experience. *See id.* at 43, 48. Plaintiff has not engaged in substantial gainful activity since May 7, 2013. *See id.* at 19.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that Plaintiff suffered from morbid obesity, borderline intellectual functioning, communication disorder NOS, articulation disorder with reading disorder, and apraxia, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 19, 24. The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range of medium work. *See id.* at 25. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a diversified farm worker or cleaner – jobs that exist in significant numbers in the national economy. *See id.* at 29.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff contends that the ALJ's determination that his speech impairment did not meet a listing was not supported by substantial evidence. *See* Dkt. No. 16.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

### Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014);

2

*Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-

step sequential evaluation process that must be followed in making a disability

determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

See 20 C.F.R. § 404.1520(b)-(f); Copeland, 771 F.3d at 923 ("The Commissioner

typically uses a sequential five-step process to determine whether a claimant is

disabled within the meaning of the Social Security Act. The analysis is: First, the

claimant must not be presently working. Second, a claimant must establish that he has

an impairment or combination of impairments which significantly limit [her] physical

or mental ability to do basic work activities. Third, to secure a finding of disability

without consideration of age, education, and work experience, a claimant must

4

establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested." (internal quotation marks omitted)); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.").

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements

5

to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id*. However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

At step three, the ALJ found that Plaintiff does not have an impairment that meets or medically equals the severity of one of the listed impairments in the social security regulations. *See* Tr. at 23. Plaintiff contends that this finding is not supported

6

by substantial evidence because the ALJ failed to consider whether he meets the requirements for Listing 2.09. *See* Dkt. No. 16 at 3-7.

During the step-three evaluation process, the ALJ compares the claimant's impairments with impairments considered severe enough to disable an individual. *See Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir.2000); 20 C.F.R. § 404.1520(d). Often referred to as "the Listings," the impairments are listed in Appendix 1 of the regulations. *See* 20 C.F.R. Part 404, Subpart P, app. 1. When an ALJ's step-three determination is at issue, the reviewing court must (1) determine whether the ALJ supported the step-three determination with a discussion of the relevant evidence, and, if he failed to do so, (2) determine whether the ALJ's error was harmless. *See Cadzow v. Colvin*, No. 5:12-cv-225-C, 2013 WL 5585936, at *4 (N.D. Tex. Oct.10, 2013) (citing *Audler*, 501 F.3d at 448-49). Error is "harmless" when it does not compromise the ALJ's ultimate conclusion. *See id.* (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). But, if the uncontroverted evidence suggests that the claimant's impairments meet the requirements of a listing, the ALJ's failure to provide the basis for his step-three decision is error that requires remand. *See Cadzow*, 2013 WL 5585936, at *4 (citing *Audler*, 501 F.3d at 449).

At step three, the ALJ must identify every Listing that could apply to the claimaint. *See Bentley v. Comm'r of the Soc. Sec. Admin.*, 3:10-cv-32-L, 2011 WL 903455, at *10 (N.D. Tex. Feb. 24, 2011) (citing *Audler*, 501 F.3d at 448). Here, the ALJ determined that Plaintiff did not have a mental impairment that met or medically equaled the requirements of Medical Listing 12.02, paragraphs B and C. But the ALJ

did not address whether Plaintiff's speech impairments met the requirements for Medical Listing 2.09. *See* Tr. at 24-26.

Listing 2.09 requires a finding of disability when the claimant's "loss of speech" causes the "inability to produce by any means speech that can be heard, understood, or sustained." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 2.09. "To speak effectively, an individual must be able to produce speech that can be heard, understood, and sustained well enough to permit useful communication in social and vocational settings." SSR 82-57, 1982 WL 31382, at *1 (S.S.A. Jan. 1, 1982). Audibility, intelligibility and functional efficiency are necessary for speech proficiency. If any of these attributes are missing, the overall speech function is not considered effective. *See id.*

In his discussion of the evidence at step three, the ALJ noted that, in activities of daily living, Plaintiff "has effectively engaged in his speech therapy classes"; in social functioning, "Plaintiff did well when he was one-on-one with other people" during vocational training with the Department of Assistive and Rehabilitative Services ("DARS") but "has had significant difficulty with his speech throughout the record due to his impairments"; and that Plaintiff's "persistence in speech therapy has been excellent." Tr. at 25. But the ALJ made these findings in his analysis of Plaintiff's mental impairments, and the Commissioner concedes that the ALJ did not specifically mention Medical Listing 2.09 in his step-three analysis. The ALJ's failure to consider whether Plaintiff's speech impairment met the criteria for disability under Listing 2.09 was error.

But this error only warrants reversal if the claimant's "substantial rights" were affected. *See Audler*, 501 F.3d at 448. A claimant's substantial rights are affected where the claimant "would appear to have met [his] burden of demonstrating that [he] meets the Listing requirements for" Section 103.03(C)(2). *Id.* at 449. In *Audler*, the United States Court of Appeals for the Fifth Circuit determined that remand to the Commissioner was required because the record contained medical reports with uncontroverted findings that, if accepted by the ALJ, would have satisfied the criteria for meeting the listing's requirements. *See id.* at 448-49.

While Plaintiff claims that the evidence demonstrates that he met Listing 2.09, *see* Dkt. No. 16 at 4-7, Defendant contends otherwise, *see* Dkt. No. 17 at 7-10. More specifically, Defendant contends that the evidence demonstrates Plaintiff was able to speak well enough at a rate to be sustained sufficiently to be heard, understood, and permit useful communication in a social and work setting. *See id.* at 7.

Defendant argues that Plaintiff ignores a note made in a vocational adjustment training evaluation that Plaintiff was observed conversing with another classmate at breaks and lunch, *see* Tr. at 308, which was mentioned by the ALJ in his step-two analysis, *see id.* at 20. In the same report, it was noted that Plaintiff's speech impairment interfered with him talking in front of other students, he would only talk with the counselor one-on-one when no one else was present, he could not bring himself to verbalize his responses to assignments but would let the instructor read his written responses, and word fluency was difficult even though he often tried. The instructor

9

concluded that Plaintiff has a communication problem and severe speech impediment and articulation problems. *See id.* at 309.

Defendant also challenges Plaintiff's reference to interrogatory answers provided by Plaintiff's speech therapist, Irene Burtis, because Plaintiff fails to acknowledge that the ALJ gave very little weight to the interrogatory answers when determining Plaintiff's residual functional capacity ("RFC"). *See id.* at 28, 395-98. Ms. Burtis diagnosed Plaintiff with apraxia, a motor speech disorder resulting in the "inability to utilize motor planning to perform movement necessary for speech." *Id.* at 395. Ms. Burtis made her assessment based on both personally listening to Plaintiff's speech and on his history of performance in living situations. *See id.* Ms. Burtis further stated that "intelligibility is the issue." *Id.* As it relates to ability to articulate/intelligibility, in her opinion, Plaintiff has difficulty with pronunciation, an individual unaccustomed to hearing his speech will have difficulty understanding him more than 20% of the workday, and Plaintiff demonstrates stimuability for correct production within the structure of speech therapy and lacks the flexibility in speech repertoire to successfully meet complexities and challenges of conversing spontaneously. *See id.* at 396. She further opined that Plaintiff would be asked to repeat himself more than 20% of a workday due to lack of flexibility of using another word or restating and would run the risk of not being understood at all. *See id.* at 397. As it relates to rate of speech, she noted that Plaintiff cannot speak clearly and distinctly with appropriate pauses and emphasis, correct pronunciations, variations in word order, or using present and past

tenses due to difficulties in producing the consonant clusters that form the word inflections. *See id.*

The ALJ found that Plaintiff had the RFC to perform medium work but imposed the limitations that Plaintiff can have no interaction with the general public, rare interaction with coworkers and occasional interaction with supervisors and that Plaintiff requires a work environment in which he deals with objects rather than people. *See id.* at 25. In making the RFC determination, the ALJ gave Ms. Burtis's opinion moderate weight to the extent that Plaintiff will have difficulty communicating with others but observed that Ms. Burtis "does not indicate that the claimant is precluded from all communication." *Id.* The ALJ otherwise gave Ms. Burtis's opinion very little weight to the extent that it could be interpreted to ascribe greater limitations than were included in the RFC. *See id.*

Defendant argues that Plaintiff was not harmed by the ALJ's failure to consider Listing 2.09 because he "does not demonstrate, or even claim, that he is more limited than the ALJ stated in the RFC assessment." Dkt. No. 17 at 9.

But Plaintiff claims that he is completely disabled under the criteria of Listing 2.09. And, in addition to Ms. Burtis's opinion, Plaintiff points to substantial evidence in the record that Plaintiff's speech was unintelligible. *See* Dkt. No. 16 at 4-7.

While the determination of whether the evidence in the record meets or medically equals the requirements of the listing is the ALJ's to make, the ALJ's failure to even consider the evidence in light of Listing 2.09 suggests that his determination

was incomplete. The Court concludes that Plaintiff's substantial rights were affected by the ALJ's failure to consider Listing 2.09.

Therefore, the ALJ's opinion should be vacated, and this case remanded, so that the ALJ can conduct a more thorough analysis of the evidence and whether it meets the requirements found in Listing 2.09.

## Conclusion

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

SO ORDERED.

DATED: January 3, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE